Case 4:23-cv-04301   Document 11   Filed on 06/18/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 20, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL M. FERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-4301 |
| | § | |
| CAESAR BROSAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Paul M. Fernandez, challenges the criminal proceedings pending against him in Harris County. He has sued Caesar Brosas, a police officer with the Pasadena Police Department; Mike Norman, a sergeant of Internal Affairs with the Pasadena Police Department; Michelle McKeel, an investigator/case worker with the Texas Department of Family and Protective Services; and Desdamonia Wilkes, McKeel's supervisor at the Texas Department of Family and Protective Services. Fernandez represents himself and has paid the filing fee. Because the court lacks subject matter jurisdiction, this case will be dismissed. The reasons are explained below.

**I.     Background**

In February 2023, a felony complaint was filed in the 184th Criminal Court in Harris County, Texas, charging Fernandez with indecency with a child by sexual contact, a second-degree felony.[1]  *See State of Texas v. Paul Fernandez*, Cause Number 180857601010-3, 184th Criminal

---

[1] A court may take judicial notice of public court records. *See Burns v. Mayes*, 369 F. App'x 526, 527 n.4 (5th Cir. 2010).

Court, Harris County, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited June 17, 2024). The criminal prosecution is ongoing. *See id.*

In his federal complaint, Fernandez asserts several challenges to his state criminal proceeding, including allegations that the defendants have suppressed evidence, obstructed justice, and tampered with evidence. (*See* Docket Entry No. 1). As relief, Fernandez requests that "Brianca Nunn" be "reinstated" and that "Dallas Craig Hughes" be "assigned to assist" him. (*Id.* at 4).

## II. Pleadings filed by Self-Represented Litigants

In reviewing the pleadings, the court is mindful that Fernandez represents himself. Complaints filed by self-represented litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a self-represented plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III. Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has a duty to examine, at any time during a proceeding, the threshold question of whether it has subject-matter jurisdiction. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are to abstain from exercising jurisdiction when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.,* 677 F.3d 712, 716 (5th Cir. 2012). Exceptions to the *Younger* doctrine exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle,* 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger,* 401 U.S. at 49).

Fernandez's claims meet all three requirements for abstention under *Younger* and do not fall under any of the exceptions. The relief Fernandez seeks would necessarily interfere with the

3

ongoing Harris County criminal proceedings. *See Younger*, 401 U.S. at 41. The State of Texas has an important interest in enforcing its criminal laws. *See DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984). Fernandez may raise his claims in the state-court criminal proceedings and again on appeal if he is ultimately convicted. Because Fernandez's claims meet the requirements for *Younger* abstention, the court declines to exercise jurisdiction.

## IV.  Conclusion

The complaint filed by Paul M. Fernandez is dismissed without prejudice based on a lack of subject matter jurisdiction. Any pending motions are denied as moot. An Order of Dismissal is entered separately.

SIGNED on June 18, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge